IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHARLES B. BRADFORD, § | | |
| Petitioner, § | | |
| § | | |
| V. § | Civil Action No. 4:19-CV-273-O | |
| § | | |
| ERIC D. WILSON, Warden, § | | |
| FMC-Fort Worth, § | | |
| Respondent. § | | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Charles B. Bradford, a federal prisoner confined at FMC-Fort Worth, against Eric D. Wilson, warden of FMC-Fort Worth, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as premature. No service has issued upon Respondent.

## I. BACKGROUND

Petitioner is serving a 36-month term of imprisonment following revocation of his supervised release for his 2011 conviction in the United States District Court for the Western District of Louisiana, Case No. 5:10-CR-00353-01, for bank fraud. Pet. 2, ECF No. 1; Js., United States v. Bradford, Criminal Docket for Case #: 5:10-cr-00353-01, ECF Nos. 123 & 223. The Bureau of Prisons (BOP) has calculated his projected release date as August 16, 2019, via good conduct time. *See* U.S. DEP'T OF JUSTICE, FED. BUR. OF PRISONS/INMATE LOCATOR, http://www.bop.gov. (last visited May 17, 2019). In this petition, Petitioner claims that the BOP should implement the new provisions of the First Step Act of 2018 regarding the award of good conduct time immediately and recalculate his release date. Pet. 7, ECF No. 5.

## II. DISCUSSION

A district court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." RULES GOVERNING SECTION 2254 CASES 1(b), 4. From the face of the petition, it is clear that Petitioner is not entitled to relief.

Section 102(b)(1) of the First Step Act of 2018, Public Law No. 115-391, amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the prisoner's sentence imposed by the convicting court, rather than for each year of the sentence served, effectively abrogating *Barber v. Thomas,* 560 U.S. 474, 476 (2010) (upholding the BOP's method of awarding good time credit at the end of each year the prisoner served). *See* Public Law 115-391, 132 Stat. 5194, § 102(b)(1); *Christopher v. Wilson,* No. 4:19-CV-214-O, 2019 WL 1745968, at *1 (N.D. Tex. Apr. 18, 2019); *Johnson v. Bur. of Prisons,* No. 4:19-CV-224-O, 2019 WL 1569360, at *1 (N.D. Tex. Apr. 11, 2019). However, the relevant provisions of the new law have not yet taken effect and will not take effect until the attorney general completes the "risk and needs assessment system" under §§ 101(a) and 102(b)(2) of the Act. *See Christopher,* 2019 WL 1745968, at *1; *Johnson,* 2019 WL 1569360, at *1. The Act gives the attorney general up to 210 days from the December 21, 2018, enactment date to complete the task. Therefore, § 102(b)(1) will not take effect until approximately mid-July 2019. *See Christopher,* 2019 WL 1745968, at *1; *Johnson,* 2019 WL 1569360, at *1.

Petitioner urges that if the BOP waits until the attorney general completes the "risk and needs assessment system" and recalculates everyone's sentence, he will be unable to receive any benefit because he will have already been released. Pet. 2, ECF No. 1. Although the Court is not unsympathetic to Petitioner's situation, the BOP does not have the authority to recalculate his good conduct time until the relevant provisions of the Act take effect. Consequently, the question of

whether he is entitled to recalculation of his good-conduct time credit is premature, and this Court is powerless to alter that fact. *See Christopher,* 2019 WL 1745968, at *2; *Johnson,* 2019 WL 1569360, at *2. *Accord Greene v. Underwood,* No. 4:19-CV-160-Y, 2019 WL 1531673, at *2 (N.D. Tex. Apr. 9, 2019) (Means, J.), *appeal docketed,* No. 19-10474 (5th Cir. Apr. 25, 2019); Order, Brown v. Upton, No. 4:19-CV-165-A (N.D. Tex. March 6, 2019) (McBryde, J.), ECF No. 8; *Molina v. Underwood,* No. 3:19-CV-641-K-BN, 2019 WL 1533444, at *2 (N.D. Tex. Mar. 19, 2019); *Horton v. Warden, Fed. Med. Ctr.,* No. 9:19-CV-42, 2019 WL 2094442, at *2 (E.D. Tex. Apr. 5, 2019).[1] There is no ambiguity in the Act, and the Court has no authority to rewrite or disregard the statute in order to accommodate Petitioner's situation.

## III. CONCLUSION

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice as premature.

**SO ORDERED** on this 17th day of May, 2019.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court does not address Petitioner's argument that exhaustion of his administrative remedies is unnecessary, except to point out that a prisoner must properly exhaust his claims before raising them in a § 2241 habeas petition. *See Day v. Seanez,* 24 F.3d 238, 1994 WL 243116, at *1 (5th Cir. 1994). The BOP has an established grievance process, the Administrative Remedy Program, for review of any aspect of a prisoner's confinement, including the calculation of good conduct time. Thus, although exhaustion of claims in a § 2241 petition is not statutorily required, federal courts apply the exhaustion requirement to § 2241 as a common law rule. *See Richmond v. Scibana,* 387 F.3d 602, 604 (7th Cir. 2004).